UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO

MATECO INC. and CELTA AGENCIES, INC.,

    Plaintiffs

v.       Civ. No. 98-1525 (PG)

M/V ELLI, in rem, her engines, machinery, tackle, *in rem*, and

PAN OCEAN SHIPPING COO., LTD.;
PANOBULK AMERICA, INC., MAGNA
MARINE CORP.; JOHN DOE CHARTERING
CORP.; DONGKUK INDUSTRIES CO., LTD.;
DONGKUK INTERNATIONAL, INC.; PEREZ &
CO., INC., OCEAN STEVEDORES, INC.;
INSURANCE COMPANIES Nos. 1 through 6;
INSURANCE COMPANY No. 7, and JOHN DOE,

    *in personam*

    Defendants

## OPINION & ORDER

Before the Court in this case in admiralty are Defendant Pan Ocean Shipping Co., Ltd.'s ("POSC") Motion to Dismiss (Dkt. 45) and Defendants Panobulk America, Inc.'s ("Panobulk") and POSC's Motion to Request Counter Security (Dkt. 46).

### FACTS

Plaintiffs Mateco Inc. and Celta Agencies, Inc. attempted to purchase steel re-bars[1] for use in the Puerto Rican market from Co-defendant Dongkuk International, Inc. ("DI"). While close to 7,000

---

[1] Re-bars are steel bars used to reinforce concrete.

98-1525 (PG) 2

metric tons of steel re-bars were shipped, disputes arose which frustrated the conclusion of the deal. Mateco alleged that the re-bars had to have been sent by themselves with no other re-bars.[2] Mateco also alleged that Defendants failed to provide necessary paper work which would have verified that other re-bar was aboard the delivery vessel (M/V Elli). In addition, Mateco asserted that the Defendants violated the agreement by hiring their own stevedores in place of those Plaintiffs had already hired. Mateco further asserted that some of the re-bars contained a slight oxidation damage resulting from water contamination, some packages were broken, and some re-bars had bent ends or other bending or twisting damage which affected marketability. Plaintiffs arrested the ship and filed suit.

Defendants countered that Plaintiffs caused them damage by tortious and negligent interference with the discharge of the cargo and asked the Court to order Plaintiffs to provide $200,000.00 in counter security (Defendants had already provided a letter of undertaking in the amount for $350,000.00).

## DISCUSSION

POSC and Panobulk requested that Plaintiffs be ordered to proved counter security in the amount of $200,000.00. Plaintiffs responded that, in the event the Court determines that security is needed, $30,000.00 is a more appropriate amount. Plaintiffs also requested that if they were to be ordered to provided security, so to should Defendants. Plaintiffs argue that Defendants have merely provided a letter of undertaking whose guarantor has no assets in this District.

POSC also has moved to dismiss the action against it on the grounds that Bill of Lading POBUBSNAJ8001, issued by POSC, includes a foreign forum selection clause. Paragraph 32 of the Bill of Lading provides that "Any dispute arising under this Bill of Lading shall be decided in the

---

[2] The bill of Lading No. POBUBSNAJ 80001, issued March 30, 1998 by POSC, provided that "NO OTHER RE-BAR CARGO [SIC] ON VESSEL."

98-1525 (PG) 3

Country where the Carrier has his principal place of business, and the law of such country shall apply except as provided elsewhere in this document." (Dkt. 45, exh. A)

A.  PSOC'S MOTION TO DISMISS

It is well-decided that foreign forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). "Enforcement is 'unreasonable' where it would 'contravene a strong public policy of the forum in which suit is brought'" *Fireman's Fund Ins. Co. v. M.V. DSR Atlantic*, 131 F.3d 1336, 1338 (9th Cir. 1998) (quoting *The Bremen*, 407 U.S. at 15). "The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court." *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) (citing *The Bremen*, 407 U.S. at 12-18).

Plaintiffs attack the motion to dismiss on five grounds:(1) POSC waived its right to seek dismissal; (2) the foreign forum selection clause is "unreasonable"; (3) the Bill of Lading is fraudulent; (4) POSC committed tortious acts in Puerto Rico for which it is liable *in personam*; and (5) the granting of the dismissal would not conclude or otherwise advance the status of the existing litigation.

1. **Waiver**

Plaintiffs assert that because POSC failed to raise the jurisdictional issue in its answer to the complaint, it has waived it right to assert it now. POSC answered the complaint, specifically stating that it was not "submitting to the jurisdiction of this Honorable Court." In the answer, POSC (and the other Defendants) asserted that the complaint failed to state a claim upon relief could be granted. While the foreign forum selection clause does not deprive the Court of jurisdiction in this matter, the Supreme

98-1525 (PG) 4

Court and Congress have seen fit to delegate that these types of clauses should be upheld, unless they lessen or relieve the carrier from liability or are "unreasonable."

At least one court has discussed the timeliness issue in the context of raising a forum selection clause. The court in *Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d 682 (D.N.J. 1998), found that because the defendants had raised improper forum as an affirmative defense in their answer to the complaint, the motion was timely.

> There is no consensus concerning the proper procedural mechanism (i.e. Federal Rules of Civil Procedure 12(b)(1), (3) or (6)) to be used in bringing a motion to dismiss a case on the basis of a forum selection clause. *See New Moon Shipping Co. v. Man B & W Diesel Ag.*, 121 F.3d 24, 28-29 (2d Cir. 1997); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 322 (9th Cir. 1996). If the motion is brought pursuant to 12(b)(3) or 12(b)(6), then defendants were required to raise the improper forum defense in their first responsive pleading. If the motion is brought under 12(b)(1) for lack of subject matter jurisdiction, then it may be brought at any time, as defendants never waive lack of subject matter jurisdiction as a defense.

*Union Steel Am. Co. v. M/V Sanko Spruce*, 14 F. Supp. 2d at 685. The Court is of the opinion that a defense of improper forum must be raised in the first responsive pleading under 12(b)(3). The court in *Sharpe v. Jefferson Distributing Co.*, 148 F.3d 676, 679 (7th Cir. 1998), found that a seven (7) month delay in asserting the forum selection clause was too long. The court cited FED. R. CIV. P. 12(h) for support:

> A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subsection (g) or (B) if it is neither made by motion under this rule nor included in a responsive pleading or amendment thereof permitted by Rule 15(a) to be made as a matter of course.

Rule 12(g) provides that a party may join motions, and that if a party omits any defense or objection then available, the right to raise that motion expires (excepting a motion for failure to state a claim).

POSC answered the complaint asserting that the complaint failed to state a cause of action

98-1525 (PG)                                                                                        5

against the POSC (M/V Elli, Magna, and Panobulk) upon which relief may be granted (12(b)(6)). However, POSC did not specifically mention that the forum was improper; though it did specifically set forth that it was not "submitting [itself] to the jurisdiction of this Honorable Court."

POSC did participate in discovery, but this fact alone will not rest POSC's right to dismiss away. Rather POSC will be deemed to have waived its right if it "has taken actions inconsistent with it, or delayed its enforcement, and other parties would be prejudiced." *In re Deleas Shipping Ltd.*, 1996 A.M.C. 434 (W.D. Wash. 1995). Furthermore, the courts have consistently found that such selection clauses should be upheld unless suit in the foreign country "lessens" or "relieves" the carrier from liability, which is contrary to the Carriage of Goods by Sea Act ("COGSA"), 46 U.S.C. app. § 1300, *et seq.*

POSC waited over a year-and-a-half before filing its motion to dismiss for improper venue. If nothing less, this delay has made an easy decision difficult. If not for the long delay, the Court would uphold the forum selection clause. However,

> the parties have conducted discovery. [And w]hile the [Plaintiffs] have most vigorously pursued discovery, [Defendant has] obtained valuable information through it . . . . [Defendant] has also taken actions inconsistent with any involing of the choice of froum clause. [Defendants] filed a [counter]claim . . . . [Defendant] has waited months to file its motion. [Therefore, t]o enforce the choice of forum clause at this point would inflict duplicative and unduly complex procedures upon [Plaintiffs]. They would incur severe prejudice through delay, expense, and uncertainty.

*In re Deleas Shipping, Ltd.*, 1996 AMC at 436-37.

As stated above, Defendants waited over a year-and-a-half before raising the improper forum defense, filed a counterclaim for tortious and negligent interference, requested that Plaintiffs provide counter security, and participated in discovery. These are not actions consistent with its right to a different forum. As a result, POSC seeks to prejudice this Court as well as Plaintiffs. With enough

98-1525 (PG)                                                                                          6

weight a steel bar will bend. Through its actions, POSC has bent the bar in this case and waived its right to choice of forum.

### 2. The Remaining Arguments

Plaintiffs also introduced four other arguments to disregard the forum selection clause: (1) the foreign forum selection clause is "unreasonable"; (2) the Bill of Lading is fraudulent; (3) POSC committed tortious acts in Puerto Rico for which it is liable *in personam*; and (4) the granting of the dismissal would not conclude or otherwise advance the status of the existing litigation. Having already concluded that POSC waived their right to enforce the foreign forum selection clause in the Bill of Lading, no discussion of the remaining four arguments is necessary.

**B.   POSC and PANOBULK'S MOTION TO REQUEST COUNTER SECURITY**

POSC and Panobulk have requested that the Court order Plaintiffs to provide counter security in the amount of $200,000.00 in response to Defendants' counterclaim of tortious and negligent interference. Plaintiffs responded that $30,000.00 is a more appropriate security bond figure and also that Defendants' Letter of Undertaking in the amount of $350,000.00 should be replaced by a "real" commitment, that is, a security bond in the amount of $350,000.00.

POSC and Panobulk failed to provide much support for their request for counter security in the amount of $200,000.00. Innuendo and conclusory statements are not enough to convince a court. A party cannot simply state that "[t]here is plenty of evidence." They must provide that evidence to the Court in their motion. However, some amount of counter security is warranted. Based upon the information provided by the parties, the Court believes that a security bond in the amount of $60,000.00 is more than sufficient. The Letter of Undertaking shall remain as the security posted by Defendants. Plaintiffs could have complained many months ago about the letter, but chose not to do so.

98-1525 (PG) 7

## CONCLUSION

Wherefore, the Court DENIES POSC's Motion to DISMISS, GRANTS POSC and Panobulk's Motion to Request Counter Security and orders that Plaintiffs shall provide a security bond in the amount of $60,000.00. The Defendants' Letter of Undertaking shall remain.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July  10 , 2000.

*(signature)*
JUAN M. PEREZ-GIMENEZ
U.S. District Judge

AO 72A
(Rev.8/82)